Haynes, J.
This is a case that arose before a justice of the peace, the original action being in replevin, and, in it, certain errors are alleged to have occurred. An action was brought before a certain magistrate in the city of Toledo, to recover possesion of a horse. The suit was brought by Isadore Michael against Ernest Munding and another party, who was an employe of Munding’s, and who was in possession of the horse, and was driving it, with another horse, upon some business in that eity, Upon an affidavit being filed before a magistrate, a writ of replevin was issued, which was given to a constable, who took possession of the horse, and thereupon he took a bond or undertaking from the plaintiff, written in the following .language : , :
“We bind ourselves to the defendant, Munding, (first name unknown), and John Pruden, in the sum of eighty dollars, that the said plaintiff, Isadore Michael, shall duly prosecute' this action, and pay all costs and damages thit'm'ky be assessed against them, and shall return the property replevined, if the same shall be adjudged to be returned to the defendant.”.
There had come into force recently, before this time, a new statute in regard to the replevin of personal property, and *166 which statute was then and still is in force ; and that undertaking was evidently written with the intention of meeting the provisions of that statute. The statute provided :
,. “ The constable shall deliver to the plaintiff, his agent or attorney, the property so taken, but not before the time named in the summons for the trial, except in the cases hereinafter provided, when there has been axecuted by one or more sufficient sureties of the plaintiff, a written undertaking to the defendant, in at least double the value of the property taken, to be approved by the justice, to the effect that the plaintiff shall duly prosecute the action, and in case the judgment shall be against him, that he shall then return the property taken, or pay the value so assessed, at the election of the defendant, and also pay the damages assessed for the taking, detention and injury of the property, and costs of suit.”
It was under this clause that the plaintiff attempted to give the undertaking; and it will be seen that the undertaking does not recite precisely the language of the statute ; nor is it according to the terms of the former statute in regárd to bonds in replevin. Upon the hearing of the case, the court found that the defendants in the case , were, at the commencement of the action, entitled to the immediate possession of the horse, and adjudged that the defendant, Isadore Michael, pay one-half the costs of said action, and declared that the judgment and costs have “been fully paid.” It will be observed that in rendering the judgment, it did not declare or adjudge that the horse should be returned to the defendant in replevin, that is to Munding; nor did it assess any value upon the horse, as, according to the prior statute in force, should have been done. The plaintiff in filing his petition and in bringing his action, afterwards avers that immediately upon the return of this verdict, he demanded that the'ho.rse be returned to him, and that he has kept up the demand ever since, with a great deal of energy, but that Michael, the plaintiff in replevin, has refused, to return the horse or pay for him, and thereupon the suit was brought. ...
*167 Now the judgment, in our opinion, was never rendered as it should have been; that is to say, the proper' practice is shown in section 6616, and provides that if the jury find for the defendant, and against the plaintiff, they shall then proceed to assess the value of the property, or of the plaintiff’s interest. That law is still in force. What should have been donej in our judgment, was, when this verdict was returned in favor of the defendant in replevin, that the court should have done one of two things : If the defendant in replevin demanded that this horse should be returned, as he had the option to do, then the judgment of the court should have been that the horse should be returned to the defendant in replevin. If he did not elect to take the horse, in that case, the value of the property should have been assessed, and judgment should have been entered for the amount assessed, or, perhaps, it should have been assessed in the first instance, and then the court should have entered judgment. There was no judgment of that kind rendered, and the condition of the bond is that they “will pay all costs and damages that may be assessed against them, and shall return the property replevined, if the same shall be adjudged to be returned to the defendant.”
No question is better settled in Ohio, we suppose, than this, that the surety on a bond has a right to rely on the letter of the bond. Under the letter of this bond, no judgment was ever entered that the property should be returned, and until that was done, there could be no liability on the part of the sureties. It may be that the bond was not in proper form. If it was not, there remained to the party the right, as decided by the Supreme Court, in 50 Ohio St. 394, to have the bond amended, even as against the sureties, to conform to what was the agreement or intention of all parties. Or, if the constable took a bond that was not what the statute required or authorized him to take, he and his bond might be liable to the owner of the property taken. But nowhere can we any decision of the Supreme Court that, allows us, by onlfirg *168 ing the construction, to sustain an action against a surety beyond the strict letter of the bond. We have looked to see if we could not work out a right of action that would entitle the plaintiff here to recover as to the value of this horse, but we are unable to do so. We hold that the judgment of the court of common pleas should be affirmed. The ground upon which the justice rendered the judgment, as appears upon his record, we do not think can be sustained, that is to say, “that no liability accrued until execution was issued upon the judgment.” The judgment was that Michael should pay the costs, and those costs he has paid. That is not a matter in controversy. The fact is, that the plaintiff has got this horse, and has not returned it, and the defendant has no judgment that he should return it, nor has he any judgment for the value of the horse. The action of the magistrate fell short of rendering justice as between these parties, or of putting the judgment in such a form as that defendant could obtain justice. The judgment of the common pleas will, therefore, have to be affirmed.
Beard & Beard, for plaintiff.
B. F. Reno and A. Farquhason, for defendant.